UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **Billy Marquis, Alexis Marquis, Anthony Marquis** Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § | Jury Trial Demanded |
| **Amy Sadeghian and Khosrow Sadeghian,** d/b/a Kamy Investments, Kamy Real Property Trust, and Kamy Real Estate Trust | § § § § § § | |
| Defendants. | § | |

## COMPLAINT – COLLECTIVE ACTION

COME NOW Billy Marquis, Alexis Marquis, and Anthony Marquis, Plaintiffs herein, individually and on behalf of all other similarly situated, and bring this action against Amy Sadeghian and Khosrow Sadeghian, stating as follows:

1. This is a collective action under the Fair Labor Standards Act. Billy Marquis is the father of Alexis Marquis and Anthony Marquis; they are the Marquis Family. Amy Sadeghian and Khosrow Sadeghian are husband and wife; they are the Sadeghians. Both may be served at their residence 3501 Sundown Blvd, Denton, TX 76210-3348. The Sadeghians employed the Marquis Family and dealt with them as though they were slaves. They failed to pay either minimum wages or overtime wages to them for the years that they employed them. The Sadeghians lured the Marquis

Family to North Texas with lies and kept them here with threats. They not only violated the Fair Labor Standards Act ("FLSA"); they also violated the Texas Deceptive Trade Practices Act ("DTPA"). Billy Marquis was seriously injured on the job due to the negligence and recklessness of the Sadeghians. The Plaintiffs' DTPA claims and the negligence action arising out of Billy Marquis's injury are so related to the FLSA claims that they form part of the same case and controversy under Article III of the United States Constitution. Jurisdiction in this case is therefore based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

2. The Plaintiffs' written consents to become parties plaintiff in this suit are attached to this Complaint as Exhibits A, B and C. Plaintiffs know of other employees of the Sadeghians, some of them former co-workers with the Marquis Family, who are so similarly situated with respect to the Sadeghians that those other employees can be invited to join this case in its collective aspect.

## Facts

3. Mr. Sadeghian and his wife own over a thousand residential properties in Texas and other states, and in their business they buy, sell and lease those properties. Mr. Sadeghian has complete and absolute control over all their holdings. He does business using several names which may appear in documents in this case, including Kamy Investments, Kamy Real Property Trust and Kamy Real Estate Trust, but all these names are simply alter egos for Mr. Sadeghian. Mr. Sadeghian also controls a number of Texas entities, including Reram, Inc., Kozamesa, Inc., ZFN Realty LLC and KAMY Real Estate LLC, which Plaintiffs do not believe will be relevant to this case. They are all alter egos of Mr. Sadeghian, but if it becomes apparent during the course of this litigation that these or other entities are responsible parties, Plaintiffs reserve the right to add them as parties defendant.

4. Billy Marquis was living in Houston, working as a long distance interstate truck driver when he first met Mr. Sadeghian in September of 2014. He was making $3000 to $5000 a month as a driver, but was dissatisfied with his job because he only spent three or four days a month at home with his family. Mr. Sadeghian told him that if he would move to North Texas with his family, he would hire him to do maintenance and repairs on his properties. Mr. Sadeghian promised that he would pay Mr. Marquis $3000 to $4000 a month and would provide him with free lodging in one of his properties. Mr. Sadeghian pointed out that Mr. Marquis would be able to spend every night at home with his family. Relying on these promises, Mr. Marquis quit his trucking job and moved to North Texas.

5. When Mr. Marquis arrived in North Texas, but Mr. Sadeghian promises immediately started to unwind. The house that Mr. Sadeghian provided at 1274 Izzy Lane in Little Elm Texas had no electricity, no water, no septic system and sported a multitude of broken window on every side of the house, problems that Mr. Marquis had to fix on his own. And the house was not free as Mr. Sadeghian had promised. Mr. Marquis was charged an outrageous rent – indeed any rent at all in this uninhabitable shell of a house would have been too much. The rent was not collected, but was purportedly applied against his salary to reduce what was paid. Moreover, Mr. Marquis's salary was never the $3000 to $4000 that Mr. Sadeghian had promised. The Defendants did not pay the minimum wage required by the FLSA to any member of the Marquis Family. Plaintiffs were routinely required to work more than 40 hour weeks, frequently 60, 70 or 80 hours in a week, but Defendants never paid the overtime salary due to them. Defendants even required the Plaintiffs to travel out of state to work without reimbursing them for their travel expenses or mileage. The Defendants were verbally abusive to the Plaintiffs, with Mr. Sadeghian frequently raging at them and

belittling them with profanity-laced tirades.

6. Once the Plaintiffs had arrived in North Texas and discovered that Mr. Sadeghian's promises were all lies, they wanted to find other work. But Mr. Sadeghian threatened to evict them if they did not do exactly as he ordered. Plaintiffs had used all their money to move to North Texas and did not have sufficient funds to rent another house. Knowing that the Plaintiffs' poverty was keeping them in the house on Izzy Lane and in their employ, Defendants made sure they never paid Plaintiffs enough so that they could move and find other work. From the very start, it was Mr. Sadeghian's plan to lure the Marquis Family to North Texas and trap them into working for him by keeping them poverty-stricken.

7. On February 26, 2018, the Marquis Family was finished working for the day and, as the sun was setting, were putting away their tools. They received a call from Defendants, negligently and recklessly ordering them to go work on Defendants' house at 1317 Norman in Denton. The Sadeghians knew that the house at that address was in a dilapidated condition, had no electricity and was a dangerous place to work after dark. While working there in the lightless house, Billy Marquis stepped on the unsecured threshold of a door. It gave way, plunging him into the crawl space and breaking his ankle. Because of that injury and the permanent damage to his leg, Mr. Marquis has since been unable to do any physical labor. Defendants evicted him and his family from the house on Izzy Lane. Despite their responsibility for Mr. Marquis's injury, the Defendants, non-subscribers to the Texas Workers Compensation system, have not paid anything to Mr. Marquis for his injury or to pay his medical bills.

### Count 1: FLSA Cause of Action

8. At all material times, Defendants have been employers within the meaning of 203(d)

of the FLSA. 29 U.S.C. § 203(d). They have willfully violated the provisions of the FLSA with respect to the Plaintiffs. 29 U.S.C. §255(a). At all material times, Plaintiffs were individual, non-exempt employees who were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

9. Plaintiffs have actual knowledge that Class Members have also been denied compensation at the minimum wage or for all hours worked in a work week and were never paid overtime for work done beyond 40 hours in a week. Defendants have willfully violated the provisions of the FLSA with respect to the Class Members. 29 U.S.C. §255(a). Defendants' failure to compensate its employees for all hours worked at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. The experience of Plaintiffs with respect to their pay and job responsibilities, is typical of the experience of the Class Members. The specific job titles, precise job responsibilities and geographical location of the Class Member are not an impediment to collective treatment. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at the statutory minimum wage for all hours worked and are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and a rate of one and one-half their regular rates. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts. As such, the class of similarly situated plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants current and former employees outside of office workers during the period from the period running three years prior to the date this lawsuit was filed up to and including the present date.**

10. Defendants' practice of failing to pay minimum wage and overtime wages for all

time worked violates the FLSA. 29 U.S.C. § 207. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked and for overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Defendants or the Plaintiffs. Plaintiffs are entitled to recover compensation for their hours worked for which they were not paid. Plaintiffs are also entitled to recover their unpaid overtime compensation as determined by the finder of fact. In addition, Plaintiffs are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b). Plaintiffs are also entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### Count 2: Negligence

11. Billy Marquis was injured by the negligent and reckless actions of the Sadeghians. The Sadeghians are non-subscribers to Texas Workers Compensation Insurance, and their defenses are limited by Section 406.033(a) of the Texas Labor Code. Billy Marquis seeks such damages for his medical expenses, pain and suffering and the income lost due to his injury as may be found by the finder of fact.

### Count 3: DTPA Cause of Action

12. With respect to the house at 1274 Izzy Lane, Billy Marquis was a consumer. As a consumer he was subjected to the Sadeghians' unconscionable course of action in defrauding him as to the terms under which he would occupy the property, in deceiving him as to the condition of the property, and the the extravagant and absurd amounts that they deducted from his pay attributing the deduction to the purported rental value of the house. Intrinsic to Plaintiffs' FLSA claim, is this pattern of unconscionable actions with respect to the property on Izzy Lane. Billy Marquis decided to quit his trucking job and move to North Texas because of the free housing offered by Mr.

Sadeghian. And once he had expended all his available cash to move to North Texas, he did not have the funds to lease another home in North Texas. Moreover, he and his children remained at work for the Sadeghians because he knew he would immediately be evicted if he and his children quit their jobs with the Sadeghians. And if he had not been working for the SAdeghians, he would not have suffered the injury which has prevented him from working in his construction business. All the injuries suffered by the Plaintiffs were direct consequences of the Sadeghians unconscionable actions with respect to the house on Izzy Lane. Thus Plaintiffs pray that all damages to the Marquis Family be considered damages arising out of the Defendants' violations of the Texas Deceptive Trade Practices Act in their unconscionable course of action, and that all such damages be awarded to them as well as their attorney's fees. Because the Defendants actions were committed knowingly and intentionally, and resulted from malice and fraud, the jury should award exemplary damages against the Defendants and in favor of the Marquis Family.

### Count 4: Spoliation

13. On information and belief, evidence relevant to Plaintiffs' causes of actions against Defendants was intentionally and/or willfully destroyed. The intentional destruction, or spoliation, of evidence relevant to a case gives rise to a presumption that the destroyed evidence would not have been favorable to its destroyer. Plaintiffs request that a spoliation instruction be given to the jury in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants Amy Sadeghian and Khosrow Sadeghian be summoned to court, that the court declare that this case may proceed as a collective action under the Fair Labor Standards Act, and after a trial on the merits that Plaintiffs and all class members be awarded such damages listed above that may be found by the

jury, and granted such other and further relief as may be just and proper.

Respectfully submitted

/s/ Eugene Zemp DuBose
Eugene Zemp DuBose
State Bar No. 06151975
3816 Acapulco Court
Irving TX 75062
*Mail*: Post Office Box 141476
Irving Texas 75014-1476
(214) 675-9022
Fax (469) 586-5449
Email: Gene@DuBoseLegalGroup.com

ATTORNEY FOR PLAINTIFFS

## Consent to Become Party Plaintiff
## in Action Under Fair Labor Standards Act

In order to fulfill the requirement of Section 216(b) of the Fair Labor Standards Act that to become a party plaintiff in a lawsuit to recover unpaid minimum wages or unpaid overtime compensation one must give one's consent in writing I, Billy Marquis, hereby consent to become a party plaintiff in a lawsuit to recover my unpaid minimum wages and unpaid overtime compensation. It is my understanding that this lawsuit will be filed in the United States District Court for the Eastern District of Texas, against Amy Sadeghian and Khosrow Sadeghian, my former employers.

I further understand that this will be a collective lawsuit, that is, one which is not only to recover my recover unpaid minimum wages and unpaid overtime compensation, but also to recover the unpaid minimum wages and unpaid overtime compensation of other similarly situated employees of Amy Sadeghian and Khosrow Sadeghian, should those other employees, after notification of this lawsuit, choose to join the lawsuit as parties plaintiff.

_/s/ Billy Marquis_  Date: 8-21-19
Billy Marquis

**Exhibit A**

**Consent to Become Party Plaintiff
in Action Under Fair Labor Standards Act**

In order to fulfill the requirement of Section 216(b) of the Fair Labor Standards Act that to become a party plaintiff in a lawsuit to recover unpaid minimum wages or unpaid overtime compensation one must give one's consent in writing I, Alexis Marquis, hereby consent to become a party plaintiff in a lawsuit to recover my unpaid minimum wages and unpaid overtime compensation. It is my understanding that this lawsuit will be filed in the United States District Court for the Eastern District of Texas, Sherman Division, against Amy Sadeghian and Khosrow Sadeghian, my former employers.

I further understand that this will be a collective lawsuit, that is, one which is not only to recover my recover unpaid minimum wages and unpaid overtime compensation, but also to recover the unpaid minimum wages and unpaid overtime compensation of other similarly situated employees of Amy Sadeghian and Khosrow Sadeghian, should those other employees, after notification of this lawsuit, choose to join the lawsuit as parties plaintiff.

_____          Date: _8-21-19_
Alexis Marquis

**Exhibit B**

## Consent to Become Party Plaintiff
## in Action Under Fair Labor Standards Act

In order to fulfill the requirement of Section 216(b) of the Fair Labor Standards Act that to become a party plaintiff in a lawsuit to recover unpaid minimum wages or unpaid overtime compensation one must give one's consent in writing I, Anthony Marquis, hereby consent to become a party plaintiff in a lawsuit to recover my unpaid minimum wages and unpaid overtime compensation. It is my understanding that this lawsuit will be filed in the United States District Court for the Eastern District of Texas, against Amy Sadeghian and Khosrow Sadeghian, my former employers.

I further understand that this will be a collective lawsuit, that is, one which is not only to recover my recover unpaid minimum wages and unpaid overtime compensation, but also to recover the unpaid minimum wages and unpaid overtime compensation of other similarly situated employees of Amy Sadeghian and Khosrow Sadeghian, should those other employees, after notification of this lawsuit, choose to join the lawsuit as parties plaintiff.

_____          Date: _5-21-19_
Anthony Marquis

**Exhibit C**