# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY MARQUIS, ALEXIS MARQUIS, ANTHONY MARQUIS INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § | |
| | § | CIVIL NO. 4:19-CV-00626-RWS |
| V. | § § | |
| AMY SADEGHIAN AND KHOSROW SADEGHIAN, D/B/A KAMY INVESTMENTS, KAMY REAL PROPERTY TRUST AND KAMY REAL ESTATE TRUST | § § § § § | |

### DEFENDANTS AMY SADEGHIAN AND KHOSROW SADEGHIAN D/B/A KAMY INVESTMENTS, KAMY REAL PROPERTY TRUST AND KAMY REAL ESTATE TRUST'S AMENDED RESPONSE AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Amy Sadeghian and Khosrow Sadeghian, d/b/a Kamy Investments, Kamy Real Property Trust and Kamy Real Estate Trust ("Defendants") hereby submit their response to the corresponding paragraphs of Plaintiffs Billy Marquis, Alexis Marquis, Anthony Marquis, individually and on behalf of all others similarly situated ("Plaintiffs") Collective Action Complaint ("Complaint") . To the extent any allegation(s) contained in Plaintiffs' Complaint is not specifically admitted below, it is denied. Defendants further respond as follows:

# I.
# FACTS

1. As to Plaintiffs' paragraph 1, Defendants deny that this is a proper collective action suit under the Fair Labor Standards Act. Defendants admit that Billy Marquis is the father of Alexis Marquis and Anthony Marquis. Defendants deny that they employed the Marquis Family. Defendant denies that they dealt with the Marquis family as though they were slaves. Defendants deny that they failed to pay either minimum wages or overtime wages to the Marquis' family. Defendants deny that they lured the Marquis Family to North Texas with lies. Defendants deny that they kept them here with threats. Defendants deny that they violated the Fair Labor Standards Act ("FLSA"). Defendants deny that they violated the Texas Deceptive Trade Practices Act ("DTPA"). Defendants deny that Billy Marquis was seriously injured on the job due to the negligence and recklessness of the Sadeghians. Defendants deny that the Plaintiffs' DTPA claims and the negligence action arising out of Billy Marquis' injury are so related to the FLSA claims that they form part of the same case and controversy under Article III of the United States Constitution. Defendants admit that this Court has jurisdiction over Plaintiffs' FLSA claim under 29 U.S.C. §216(b) and 28 U.S.C. §1331, but denies that it has jurisdiction under 28 U.S.C. §1367(a). Defendants deny that this Court has jurisdiction over Plaintiffs' state-law causes of action for negligence and DTPA under 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

2. As to Plaintiffs' paragraph 2, Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether the Plaintiffs know of other employees of the Sadeghians, some of them former co-workers with the Marquis Family, who are so similarly situated with respect to the Sadeghians that those other employees can be invited to join this case in its collective aspect.

3. As to Plaintiff's paragraph 3, Defendants admit that they own residential properties in Texas. Defendants admit that Kamy Real Estate Trust buys, sells and leases properties, but denies that Mr. Sadeghian and his wife do the same in their individual capacities. Defendants deny that Mr. Sadeghian has complete and absolute control over all of their holdings. Defendants admit that Mr. Sadeghian uses Kamy Investments, Kamy Real Property Trust and Kamy Real Estate Trust in doing business but denies that these names are alter egos for Mr. Sadeghian. Defendants deny that Reram, Inc., Kozamesa, Inc., ZFC Realty LLC and KAMY Real Estate LLC are alter egos of Mr. Sadeghian.

4. As to Plaintiffs' paragraph 4, Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether the Billy Marquis was living in Houston when he first met Mr. Sadeghian in September of 2014. Defendants admit that Billy Marquis was working as a truck driver when he first met Mr. Sadeghian. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Billy Marquis was making $3000 to $5000 a month as a driver. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Billy Marquis was dissatisfied with his job because he only spent three of four days a month at home with his family. Defendant admits that Mr. Sadeghian told him that if he would move to North Texas with his family, he would hire him to do maintenance and repairs on his properties. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Mr. Sadeghian promised that he would pay Billy Marquis $3000 to $4000 a month. Defendants deny that Mr. Sadeghian would provide Billy Marquis with free lodging in one of his properties. Defendants deny that Mr. Sadeghian pointed out that Mr. Marquis would be able to spend every night at home with his family. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether

Billy Marquis relied on any promises from Mr. Sadeghian and, therefore, Billy Marquis quit his trucking job and moved to North Texas.

5. As to Plaintiffs' paragraph 5, Defendants deny Plaintiffs' claims in its entirety.

6. As to Plaintiffs' paragraph 6, Defendants deny that Mr. Sadeghian's promises were all lies. Defendants deny Plaintiffs' claims that Mr. Sadeghian threatened to evict them if they did not do exactly as he ordered. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Plaintiffs had used all of their money to move to North Texas. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Plaintiffs did not have sufficient funds to rent another house. Defendants deny that they knew that Plaintiffs' poverty was keeping them in the house on Izzy Lane and in their employ. Defendants deny that they made sure they never paid Plaintiffs enough so that they could move and find other work. Defendants deny that from the very start, it was Mr. Sadeghian's plan to lure the Marquis Family to North Texas and trap them into working for him by keeping them poverty-stricken.

7. As to Plaintiffs' paragraph 7, Defendants deny Plaintiffs' received a call from the Defendants, negligently and recklessly ordering them to go work on Defendants' house at 1317 Norman in Denton. Defendants deny that the Sadeghians knew that the house at that address was in a dilapidated condition, had no electricity and was a dangerous place to work after dark. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether the house was lightless and that Billy Marquis stepped on the unsecured threshold of a door while working at 1317 Norman. Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether the threshold gave way, plunging Billy Marquis into the crawl space and breaking his ankle. Defendants lack knowledge or information sufficient to form a

belief as to the truth as to whether because of that injury and the permanent damage to his leg, Billy Marquis has since been unable to do any physical labor. Defendants deny that they evicted him and his family from the house on Izzy Lane. Defendants deny that they are responsible for Billy Marquis' alleged injuries.

8. As to Plaintiffs' Paragraph Number 8, Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether Zachary Sadeghian, Charlotte Pennington, Joseph Sims, and Isabella Horvath all filed false reviews of Billy Marquis' construction business, which operates under the name of Marquis Brothers General Construction. Defendants deny that the any alleged postings regarding Billy Marquis' construction business were posted at the instance and direction of Amy and Khosrow Sadeghian in retaliation for the plaintiffs' having filed this lawsuit.

## II.
## FLSA CAUSE OF ACTION

9. As to Plaintiffs' Paragraph Number 9, Defendants deny it in its entirety.

10. As to Plaintiff's Paragraph Number 10, Defendants lack knowledge or information sufficient to form a belief as to the truth as to whether the Plaintiffs have actual knowledge that Class Members have also been denied compensation at the minimum wage or for all hours worked in a work week and were never paid overtime for work done beyond 40 hours in a week. Defendants deny that they have willfully violated the provisions of the FLSA with respect to the Class Members. Defendants deny that they failed to compensate its employees for all hours worked at the rates required by the FLSA. Defendants deny that the Plaintiff's experience with respect to their pay and job responsibilities is typical of the experience of the Class Members. Defendants deny that specific job titles, precise job responsibilities and geographical location of the Class Members are not an impediment to collective treatment. Defendants deny that all Class

Members, irrespective of their particular job requirements, are entitled to be compensated at the statutory minimum wage for all hours worked and are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and a rate of one and one-half their regular rates. Defendants deny that there is any issue of damages to any potential Class Members. Defendants deny that there a common nucleus of liability facts. Defendants deny Plaintiffs' proposed class definition.

11. As to Plaintiffs' Paragraph Number 11, Defendants deny that it has/had a practice of failing to pay minimum wage and overtime wages for all time worked violates the FLSA. Defendants deny that none of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked and for overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Defendants or the Plaintiffs. Defendants deny that the Plaintiffs are entitled to recover compensation for their hours worked for which they were not paid. Defendants deny that the Plaintiffs are also entitled to recover their unpaid overtime compensation as determined by the finder of fact. Defendants deny that the Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA.

### III.
### NEGLIGENCE CAUSE OF ACTION

12. As to Plaintiffs' paragraph 12, Defendants deny that Billy Marquis was injured by the negligent and reckless actions of the Sadeghians. Defendants admit that they are non-subscribers to Texas Workers Compensation Insurance. Defendants deny that Billy Marquis is entitled to damages in the form of his medical expenses, pain and suffering and the income lost due to his injury as may be found by the finder of fact.

## IV.
## DTPA CAUSE OF ACTION

13. As to Plaintiffs' Paragraph Number 13, Defendants deny Plaintiffs' claims in its entirety.

## V.
## SPOILATION

14. As to Plaintiffs' Paragraph Number 134, Defendants deny Plaintiffs' claims in its entirety.

## VI.
## PRAYER

15. Defendants deny that the Plaintiffs are entitled to any relief whatsoever.

## VII.
## AFFIRMATIVE DEFENSES

16. In support of the following defenses, Defendant incorporates all of its answers and responses listed above as if fully set forth verbatim herein.

17. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

18. Defendants assert the affirmative defense of good faith under 29 U.S.C. §260.

19. Specifically, Defendant asserts that it paid compensation in good faith to comply with any and all wage law statutes under the Fair Labor Standards Act.

20. Defendants deny that it violated the Fair Labor Standards Act and denies that it willfully violated any such statutes. Specifically, Defendants assert that the statute of limitations is limited to two years and does not extend to three years.

## VIII.
## RESERVATION OF RIGHTS

21. Defendants reserve all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or in the future based upon discovery and further factual investigation in this case.

## IX.
## DEMAND FOR JURY TRIAL

22. Defendants demand a trial by jury on all claims and issues so triable.

## X.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request this Court:

a. Dismiss with prejudice Plaintiffs' Complaint;

b. Deny the relief requested in Plaintiffs' Complaint;

c. Enter judgment in favor of Defendants on all issues set forth in Plaintiffs' Complaint; and

d. Grant Defendants such other and further relief as the Court deems just and proper.

*<SIGNATURE BLOCK ON NEXT PAGE>*

Respectfully submitted:

**COOPER & SCULLY, P.C.**

By: _____*/s/ Shabaz Nizami*_____
    **SHABAZ NIZAMI**
    State Bar No.: 24079058
    Email: Shabaz.Nizami@cooperscully.com

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Ph: (214) 712-9500
Fx: (214) 712-9540

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, I hereby certify that the foregoing instrument has been served upon all attorneys of record on this the ___ **day of October, 2019.**

**VIA E-FILE**

Eugene Zemp DuBose
3816 Acapulco Court
Irving, Texas 75062
E-mail: Gene@DuBoseLegalGroup.com

                */s/ Shabaz Nizami*
                **SHABAZ NIZAMI**