**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BILLY MARQUIS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO.  4:19-CV-00626-RWS |
| | § | |
| v. | § | |
| | § | |
| KHOSROW SADEGHIAN, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>ORDER</u>

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 11, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Docket No. 37) that Amy Sadeghian and Khosrow Sadeghian d/b/a Kamy Investments, Kamy Real Property Trust, and Kamy Real Estate Trust's (collectively, "Defendants") Amended Motion to Dismiss, in Part, for Lack of Subject Matter Jurisdiction or, in the Alternative, Decline to Exercise Supplemental Jurisdiction (the "Motion") (Docket No. 18) be denied.

Defendants filed objections to the Report (the "Objections") (Docket No. 40).  The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.  The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I.      BACKGROUND

In Plaintiff Billy Marquis, Alexis Marquis, and Anthony Marquis's (collectively, "Plaintiffs") Second Amended Complaint (Docket No. 15), Plaintiffs allege Defendant Khosrow Sadeghian promised Plaintiff Billy Marquis a job performing maintenance and repair work on Khosrow Sadeghian's properties if Billy Marquis moved Plaintiffs to North Texas.  Plaintiffs allege Khosrow Sadeghian promised to pay Billy Marquis $3000 to $4000 a month in wages and provide Plaintiffs with free lodging.  *See* Docket No. 15 at 3.

In reliance on Khosrow Sadeghian's promise, Plaintiffs allege they moved to North Texas for Billy Marquis to be employed by Khosrow Sadeghian.  *See id*.  Plaintiffs allege the home provided for them to live in by Defendants was uninhabitable, and Defendants subtracted rent payments from Billy Marquis' paycheck contrary to Khosrow Sadeghian's promise.  *See id.* Plaintiffs further allege they each were underpaid by Defendants for the work they performed, as Plaintiffs were not paid a minimum wage or overtime.  *See id*.  Plaintiffs allege they were unable to find work elsewhere because they could not afford to move to another residence and Khosrow Sadeghian threatened to evict them if they quit working for him.  *See id.* at 4.

Plaintiffs further allege that Billy Marquis broke his ankle when he stepped on the unsecured threshold of a door while working after dark on one of Defendants' properties without electricity on February 26, 2018.  *See id*.  Plaintiffs allege Billy Marquis has been unable to work since this injury, and Defendants subsequently refused to pay Billy Marquis' medical bills and subsequently evicted Plaintiffs.  *See* Docket No. 15 at 4.

On August 27, 2019, Plaintiffs filed a collective action complaint against Defendants, alleging collective claims for violations of the Fair Labor Standards Act ("FLSA"), and individual claims for a violation of the Texas Deceptive Trade Practices Act ("DTPA") and negligence. Docket No. 1 at 4–6.  Defendants moved to dismiss Plaintiffs' DTPA and negligence claims for lack

of subject matter jurisdiction.   Docket No. 18.   On August 11, 2020, the Magistrate Judge recommended that Defendants' Motion be denied.  Docket No. 37.

## II.   DISCUSSION

Defendants generally object to the Magistrate Judge's findings in the Report by advancing the same arguments set forth in the Motion.  *See* Docket No. 40.  In the Report, the Magistrate Judge found that Plaintiffs' negligence, DTPA, and FLSA claims all derive from a common nucleus of operative facts, as the allegations involving each claim will necessarily involve facts related to the other claims in this suit.  *See* Docket No. 37 at 5.  The Magistrate Judge further recommended the Court decline to exercise its discretion to dismiss Plaintiffs' state law claims because of the overlapping nature of the facts regarding Plaintiffs' claims.  *See id*.  Upon review of the allegations in Plaintiffs' Second Amended Complaint and the Motion, the Court finds that the Magistrate Judge correctly analyzed the claims and concluded that all of Plaintiffs' claims form the same case or controversy.   The Court further agrees with the Magistrate Judge's recommendation that it decline to exercise its discretion to dismiss Plaintiffs' state law claims.

The only additional argument contained in Defendants' Objections is Defendants' contention that allowing Plaintiff's state law claims to continue in this suit would "result in confusion and unduly overburden the jury in expecting them to keep each cause of action separate form one another when assessing liability and/or damages of such."  Docket No. 40 at 5.  Other than this bare assertion that such consequences could occur, Defendants provide no explanation. Further, other courts have found that requiring a jury to assess damages for separate causes of action is "neither unusual nor a compelling basis for declining to exercise supplemental jurisdiction," as it is not unusual for a jury to decide federal employment claims and tort claims in the same suit.  *See Lucarino v. Con-Dive, LLC*, Case No. Tex. March 5, 2010).  Thus, the Court finds that Defendants' objection to the Report is **OVERRULED**.

### III.     CONCLUSION

Upon review, the Objections (Docket No. 40) are **OVERRULED**, and Defendants' Amended Motion to Dismiss, in Part, for Lack of Subject Matter Jurisdiction or, in the Alternative, Decline to Exercise Supplemental Jurisdiction (Docket No. 18) is hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE