IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BILLY MARQUIS,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 4:19-cv-626-RWS-KPJ |
| | § | |
| **KHOSROW SADEGHIAN and AMY JO SADEGHIAN,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANUM OPINION AND ORDER

On August 29, 2019, Plaintiffs filed this collective action lawsuit against Defendants Khosrow Sadeghian and Amy Jo Sadeghian (collectively, "Defendants"). *See* Dkt. 1. On October 24, 2019, the Court granted Plaintiffs leave to file a Second Amended Complaint. *See* Dkt. 16. In their Second Amended Complaint, Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.46, and negligently injured a member of the proposed class. *See* Dkt. 15 at 7–8. With respect to the FLSA claim, Plaintiffs allege Defendants willfully failed to pay Plaintiffs and similarly situated individuals the minimum and overtime wages required by law. *See* Dkt. 15 at 5–6. Plaintiffs further allege Defendants intentionally destroyed evidence relating to this action, and Plaintiffs seek a spoliation jury instruction.

On March 5, 2020, the Court entered its Order Governing Proceedings (Dkt. 20), wherein the Court placed the parties on notice that, "A party that fails to timely disclose [mandatory documents and information] will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion." The Court entered its Scheduling Order

on May 5, 2020, which set the deadline for discovery regarding conditional certification for October 2, 2020, and oral argument on Plaintiff's motion to conditionally certify the class on December 16, 2020, among other deadlines. *See* Dkt. 32.

On July 14, 2020, Plaintiffs' counsel contacted the Court regarding a discovery dispute, for which the Court held a hearing on July 20, 2020. *See* Dkt. 33; Minute Entry for July 20, 2020. Following ordered briefing on the discovery dispute (Dkts. 34, 38, 39), the Court held a hearing on August 26, 2020. *See* Minute Entry for August 26, 2020. Following the hearing, the Court ordered Defendants to respond to Plaintiffs' discovery requests with all relevant information and documents responsive to those requests within Defendants' possession, custody, and control by September 4, 2020. *See* Dkt. 41. Since entry of that order, the Court has held several hearings regarding the same ongoing discovery dispute, and entered a second order directing Defendants to comply with their discovery obligations by October 14, 2020. *See* Dkts. 45, 49, 52, 73. Since entry of the second order (Dkt. 52), the parties have filed multiple notices with the Court regarding the same ongoing discovery dispute. *See* Dkts. 53, 54, 56, 57, 58, 69, 70 (collectively, the "Notices"). The Notices establish that Defendants have continued to fail to comply with their discovery obligations under the Federal Rules of Civil Procedure, Local Rules of the Eastern District of Texas, and Court orders. *See id.* Specifically, Plaintiffs represent they have had continued difficulties obtaining checks issued to Plaintiffs and/or putative class members and other related documents from 2014 to present, which are currently held by BBVA USA f/k/a BBVA Compass and Coamerica Bank (the "Banks"). *See id.* Plaintiffs also allege to have had continued difficulties obtaining information regarding Defendants' billing entries from Defendants' QuickBooks. *See id.*

The Court finds that the documents Plaintiffs continue to seek concern the monetary compensation Plaintiffs and putative class members may or may not have received from Defendants, as well as the nature of their employment and housing relationship with Defendants. *See* Dkt. 52 (ordering Defendants to produce checks and other documents relating to employees and independent contractors, as well as documents relating to employees and independent contractors who were also tenants of Defendants). Such documents are clearly relevant to the causes of actions set forth in Plaintiffs' Second Amended Complaint (Dkt. 15), particularly claims arising under the FLSA. *See, e.g.*, *Reyes v. Bona 1372, Inc.*, No. 1:17-cv-16, 2017 WL 5148367 (E.D. Tex. Oct. 17, 2017), *report and recommendation adopted*, No. 1:17-cv-16, 2017 WL 5147182 (E.D. Tex. Nov. 6, 2017). It is therefore beyond dispute that such documents are relevant to the issue of conditional certification, and thus discoverable, and that Defendants bore an obligation to produce such documents as expeditiously as possible, but certainly before the discovery deadline of October 2, 2020, and well before the conditional class certification hearing, currently set one week from today, on Wednesday, December 16, 2020.

On November 6, 2020, the Court ordered the parties to appear for oral argument before the undersigned, directing Defendants and Defendants' counsel to show cause as to why they should not be sanctioned for Defendants' continued failure to comply with their discovery obligations under the Federal Rules of Civil Procedure, Local Rules of the Eastern District of Texas, and Court orders (the "Show Cause Order"). *See* Dkt. 59. The Show Cause Order states that the show cause hearing will be cancelled if Defendants comply with their discovery obligations and produce all documents relevant to the parties' claims or defenses within Defendants' possession, custody, and control before November 30, 2020. *See id.*

After the Court entered the Show Cause Order, but prior to the show cause hearing, Defendants filed Cooper & Scully, P.C.'s Motion to Withdraw as Counsel (Dkt. 60), Cooper & Scully, P.C.'s Amended Motion to Withdraw as Counsel (Dkt. 61), and Emergency Motion for Hearing on Cooper & Scully, P.C.'s Motion to Withdraw as Counsel for Defendants (Dkt. 62) (collectively, the "Motions to Withdraw"). The Court held an emergency hearing regarding the Motions to Withdraw on November 24, 2020. *See* Minute Entry for November 24, 2020. At the emergency hearing, the Court advised Defendants' counsel it would not allow Defendants' counsel to withdraw until the discovery dispute, pending since July 2020, was resolved. *See id.* In a subsequent order, the Court stated that Defendants' counsel was not permitted to withdraw as counsel of record for Defendants in this matter until after the show cause hearing regarding the ongoing discovery disputes. *See* Dkt. 67.

On December 4, 2020, Plaintiffs' filed their Opposed Motion for Sanctions (Dkt. 71), and, on December 6, 2020, Plaintiffs' filed their Supplemental Motion for Sanctions (Dkt. 72) (collectively, the "Motions for Sanctions").

On December 8, 2020, the Court held the show cause hearing (the "Hearing"). *See* Dkt. 73. Present at the Hearing were counsel for Plaintiffs; Shabaz A. Nizami, current counsel of record for Defendants ("Mr. Nizami"); and Defendants. *See id.*

At the Hearing, the Court noted it has ordered Defendants to produce the documents at issue for nearly six months, and yet, they remain outstanding. *See id.* The Court further noted the parties have filed an inordinate number of Notices, *see* Dkts. 47, 48, 53, 54, 56, 57, 58, 65, 69, 70, and the Court has scheduled an unprecedented number of hearings and issued multiple orders directing Defendants to meet their discovery obligations. *See* Minute Entry for July 20, 2020; Minute Entry for August 26, 2020; Dkt. 49 (Minute Entry for October 1, 2020); Dkt. 73 (Minute

Entry for December 8, 2020); Dkt. 41 (first Order); Dkt. 52 (second Order). The Court reminded Defendants that, if Defendants fail to timely produce information relevant and proportional to the claims and defenses in this matter, Defendants will not be permitted to use any such information in its defense, pursuant to the Federal Rule of Civil Procedure 37, the Eastern District of Texas Local Rules 26 and 34, and the Court's Order Governing Proceedings. *See* Dkt. 73; *see also* FED. R. CIV. P. 37 (listing discovery-related sanctions for failure to comply with Rule 26 obligations); LOCAL RULE CV-26, 34 (provisions expanding discovery obligations beyond the Federal Rules); Dkt. 20 ("A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.").

At the Hearing, the Court questioned the parties regarding appropriate sanctions in this matter. As explained above, Defendants have had ample notice that the Court was considering imposing sanctions, as they have been warned through numerous hearings and orders that if Defendants continued their obstructionist behavior, the Court would be forced to impose sanctions. *See, e.g.*, Dkt. 52 ("Given Defendants continued failure to comply with their discovery obligations . . . the Court warns Defendants that failure to comply with this Order may result in sanctions."); Dkt. 59 ("Defendants and Defendants' counsel shall show cause for why they should not be sanctioned"). In fact, the Court specifically notified Defendants in the order setting the Hearing that sanctions would be considered and discussed at the Hearing. Dkt. 67 ("Counsel for Plaintiffs, Shabaz A. Nizami, and Defendants shall appear for oral argument, and Defendants and Defendants' counsel shall show cause as to why they should not be sanctioned for failure to comply with their discovery obligations.").

Regarding the Motions for Sanctions (Dkts. 71, 72), the Court discussed the five sanctions Plaintiffs seek and/or suggest to the Court: (1) that the Court deem certain facts are established for

purposes of this action; (2) that Defendants are prohibited from supporting or opposing designated claims or defenses; (3) that Defendants are prohibited from introducing designated matters in evidence; (4) that Defendants be barred from filing any response to Plaintiffs' motion for conditional certification of a class; and (5) that Plaintiffs be awarded attorney's fees. *See* Dkt. 73. As stated at the Hearing, the Court declines to impose the first four sanctions requested by Plaintiffs at this time. *See id.*

As to Plaintiffs' fifth requested sanction—$23,400.00 in attorney's fees incurred as a result of the ongoing discovery dispute at issue—the Court queried Mr. Nizami, asking if he had any objection to Exhibit I to the Motion for Sanctions (Dkt. 71), which itemizes the time Plaintiffs' counsel allegedly spent addressing the ongoing discovery dispute. *See id.*; *see also* Dkt. 71-1 at 24 (Exhibit I). Mr. Nizami replied that he was not prepared to address Exhibit I, as he had not yet reviewed it or discussed it with Defendants. *See* Dkt. 73. Mr. Nizami also noted that, pursuant to the Court's Order (Dkt. 67), he believed he was permitted to withdraw as counsel of record after the Hearing, and that Defendants would have thirty (30) days after the Hearing to retain new counsel. *See* Dkt. 73. While the Court is aware of its Order (Dkt. 67), the Motions for Sanctions were filed *before* the Hearing and they concerned the Hearing's primary agenda item: why sanctions should not be imposed after a protracted, six-month-long discovery dispute. However, the Court recognizes Plaintiffs' Motions for Sanctions are not yet ripe, *see* Dkts. 71, 73, and thus, Defendants should have the opportunity to file a response. *See* Local Rule CV-7. Hence, at the Hearing, the Court noted its intention to order expedited briefing on the limited issue of attorney's fees as raised in the Motions for Sanctions. *See* Dkt. 73.

Finally, in response to the Court's questions regarding the upcoming conditional class certification hearing, for which Defendants failed to file a response to Plaintiffs' Amended Motion

6

for Conditional Class Certification of Collective Action (Dkt. 27), Defendants represented they do not oppose the Court certifying a conditional class. *See* Dkt. 73.

Upon consideration of the pleadings, filings, and arguments presented during the Hearing, the Court orders the following:

**IT IS ORDERED** that the hearing regarding Plaintiffs' Amended Motion for Conditional Class Certification of Collective Action (Dkt. 27), currently set for December 16, 2020, is hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that Defendants shall serve subpoenas on BBVA USA f/k/a BBVA Compass and Coamerica Bank (collectively, the "Banks") by **Friday, December 11, 2020**. The subpoenas shall request all responsive documents issued to individuals identified by Plaintiffs as current or putative members of the proposed class, as set forth in Plaintiff's initial mandatory disclosures and Plaintiffs' Requests for Production. *See, e.g.*, Dkt. 47 (noting some class members were identified in Plaintiff's Rule 26(f) mandatory initial disclosures and identifying five Requests for Production); Dkt. 56 (identifying a Request for Production served on May 18, 2020, wherein Plaintiffs requested checks for current and/or putative members of the proposed class). The subpoenas shall require the Banks to produce all responsive documents from 2014 to present, including, but not limited to, checks issued to current and putative class members, **within thirty (30) days** after service of the subpoena. The subpoenas shall further require the Banks to identify any documents that cannot be produced and require the Banks to provide an explanation regarding same. **Within seven (7) days** of Defendants' receipt of responsive documents from the Banks, Defendants shall produce all such documents to Plaintiffs in a manner that is organized, labeled, and reasonably usable. *See* FED. R. CIV. P. 34(b)(2)(E)(i) ("A party must produce documents as

they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.").

**IT IS FURTHER ORDERED** that Defendants shall produce and deliver to Plaintiffs a hard copy of the QuickBooks data, information, or other documentation that Plaintiffs seek in their Requests for Production by **Tuesday, December 15, 2020**.

The Court warns Defendants that if information or documentation within Defendants' possession, custody, or control relevant to this Order is produced after the deadlines set forth herein, the Court will not allow such information and documentation to be introduced by Defendants in future proceedings. *See* FED. R. CIV. P. 37(c); LOCAL RULE CV-26, 34; Dkt. 20.

**IT IS FURTHER ORDERED** that Mr. Nizami, on behalf of Defendants, shall file a Response to Plaintiffs' Motions for Sanctions (Dkts. 71, 72) no later than **Wednesday, December 16, 2020**. The Response shall only address the issue of attorney's fees, particularly as it relates to Exhibit I (Dkt. 71-1 at 24). In their Response, Defendants, by way of Mr. Nizami, shall identify their objections to specific line items in Exhibit I, along with a short and plain reason for their objection.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Reply, if any, regarding the Motions for Sanctions (Dkts. 71, 72) by **Monday, December 20, 2020**.

**So ORDERED and SIGNED this 9th day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE