# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY MARQUIS, ALEXIS MARQUIS ANTHONY MARQUIS INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-00626-RWS |
| AMY SADEGHIAN AND KHOSROW SADEGHIAN, d/b/a KAMY INVESTMENTS, KAMY REAL PROPERTY TRUST and KAMY REAL ESTATE TRUST | § § § § § | |
| DEFENDANTS | § | |

## DECLARATION OF STEVEN E. CLARK

**STATE OF TEXAS**

**COUNTY OF DALLAS**

**COMES NOW,** Steven E. Clark, who declares as follows:

1. My name is Steven E. Clark. I am over the age of twenty-one years, of sound mind, capable of making this Declaration, and fully competent to testify to the matters herein. I have personal knowledge of the matters stated herein, which are true and correct.

2. I am lead counsel for Defendants in this matter. I was licensed to practice in Texas in May 1978. After obtaining my Texas license, I spent two years as a staff attorney for the U.S. Court of Appeals for the Fifth Circuit in New Orleans Louisiana. I have been engaged in private practice since 1980 in the fields of civil litigation and labor and employment. Over the course of my 45-year career, I have tried numerous jury cases to verdict, and have been recognized by court and testified as an expert witness on attorneys' fees and expenses. I have

also personally handled numerous appeals in civil cases in state and federal courts and am familiar with the rates that would be charged to handle appeals to the court of appeals and am admitted to practice before the 5th Circuit and the U.S. Supreme Court.

3. My former associate, Matt Altick, and current associate, Kelsey Rittenberry, assisted me in the defense of this matter, under my supervision, which included the filing of a motion for summary judgment in the case that was granted on Plaintiff's DTPA claim against the Defendants based on limitations.

4. My current billing rate is $600.00 per hour. Matt's billing rate was $375.00 per hour. Kelsey's billing rate was $500.00. When my firm, Clark Firm PLLC was engaged by Defendants in this case and other matters, the firm agreed to a discount of our rates as follows: $475.00 per hour for my services, $250.00 per hour for Matt's services, $400.00 per hour for Kelsey's services and $175.00 for paralegal services.

5. The attached billings records, which are true and correct copies of the originals generated in the ordinary course of business for which I am custodian of record, contain highlighted notations of time spent in connection with the preparation and filing of Defendants' motion for summary judgment and reflect the total hours spent with respect to such motion and are true and correct copies of our billing records using the Clio time and billing system. Time is billed in increments of 1/10 of an hour in six-minute increments, which is the lowest amount that existing billing systems, including Clio, allow.

6. These highlighted billing records reflect the total time spent by the firm in providing services for the preparation, filing and presentation of Defendants' motion for summary judgment in this matter:

7.      The total hours spent reflect 7.65 hours for my time, 26.60 hours for Mr. Altick's time and 5 hours for Ms. Rittenberry's time. Total fees billed to the client for those services are $11,751.75.

8.      Defendants' motion for summary judgment sought dismissal of Plaintiffs' FLSA claims and premises liability (negligence) claim along with Plaintiffs' DTPA claim. Based on my review of these billing records and time spent by the firm for the filing and obtaining of summary judgment on the DTPA claim, it is my opinion that a 1/3 allocation should be made to the total time spent relating to obtaining dismissal of the DTPA claim. Applying that allocation and further utilizing the lodestar analysis and applicable factors, it is my opinion that the sum of $3,525.53 represents the reasonable and necessary attorneys' fees incurred in defending against and obtaining dismissal of the DTPA claim on limitations grounds.

9.      It is further my opinion that if the DTPA dismissal is appealed to the Fifth Circuit Court of Appeals, the sum of $17,500.00 would be a fair and reasonable fee for the successful defense of that appeal. Based on having previously submitted two writs of certiorari to the U.S. Supreme Court, it is my opinion that there would not be reasonable grounds to seek a writ of certiorari to the U.S. Supreme Court, so I am not seeking an award of attorneys' fees on appeal beyond any appeal to the Fifth Circuit Court of Appeals.

10.     Further Declarant sayeth not.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is within my personal knowledge and true and correct.

Executed on this 23rd day of June 2023 to which witness my signature below.

_____
Steven E. Clark

4