IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BILLY MARQUIS, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Civil Action No. 4:19-cv-626-KPJ |
| | § |
| KHOSROW SADEGHIAN and | § |
| AMY JO SADEGHIAN, | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs Alexis Marquis ("Alexis") and Anthony Marquis's ("Anthony") Motion for New Trial (Dkt. 253) and Plaintiff Billy Marquis's ("Billy") (together with Alexis and Anthony, "Plaintiffs") Motion for New Trial (Dkt. 254) (collectively, "the Motions for New Trial") (Dkts. 253–54), to which Defendants Khosrow Sadeghian and Amy Jo Sadeghian ("Defendants") filed a response (the "Response") (Dkt. 255). For the following reasons, the Motions for New Trial (Dkts. 253–54) are **DENIED**.

## I.   BACKGROUND

This lawsuit proceeded to a jury trial on April 17, 2023. Plaintiffs presented multiple causes of action, including claims under the Fair Labor Standards Act ("FLSA"). After a six-day trial, the jury returned a verdict in favor of Billy on his FLSA claim, awarding him $9,894 in damages, and in favor of Defendants on Alexis's and Anthony's FLSA claims. *See* Dkt. 247.

## II.   LEGAL ANALYSIS

The Court has discretion in determining whether to grant a motion for new trial under Federal Rule of Civil Procedure 59. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000). Pursuant to Rule 59, the Court may grant a new trial "for any reason for which a new trial

has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). For instance, the Court has discretion to grant a new trial when it is necessary to prevent an injustice, when the jury's verdict is against the manifest weight of the evidence, when the trial was unfair, when prejudicial error occurred, or when the Court finds the damages imposed by the jury were excessive. *See Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774–75 (5th Cir. 1995); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 175, 179 n.3 (5th Cir. 1979)). In reviewing jury answers to special verdicts, "the court must view the evidence in the light most favorable to upholding the jury's decision." *See Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001) (citing *Hiltgen v. Sumrall*, 47 F.3d 695, 701 (5th Cir. 1995)). Further, under Fifth Circuit precedent, to meet their burden that the "verdict is against the great of the evidence," the movants "must show 'an absolute absence of evidence to support the jury's verdict.'" *Seibert v. Jackson County*, 851 F.3d 430, 439 (5th Cir. 2017) (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)).

Here, the arguments presented by Plaintiffs in the Motions for New Trial (Dkts. 253–54), comprising a total of three pages, fail to meet the heightened burden for a new trial. *See* Dkts. 253–54. Plaintiffs argue that the jury's determination awarding damages of $9,894 to Billy and no damages to Anthony and Alexis related to their FLSA claims was against the great weight of the evidence. *See* Dkts. 253 at 1–2; 254 at 1. According to Plaintiffs, the testimony at trial demonstrated that each plaintiff worked thirteen hours a day, six days a week, and two-and-a-half

hours on Sundays; Alexis received an average of $189.40 twice a month for eleven and a half months and no salary at all for four and a half months; Anthony received no salary and worked for Defendants for sixteen months; and Billy received $1,030.00 a month for the time he worked up until he broke his leg. *See* Dkts. 253 at 1–2; 254 at 1. Plaintiffs also argue that "[t]he figure [for Billy] worked out before the jury showed he was entitled to $35,015." Dkt. 254 at 1.

At trial, Plaintiffs bore the burden to prove by a preponderance of the evidence that they performed work for which they should have been paid. *See Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 545–46 (S.D. Tex. 2011) ("Under the FLSA, 'an employee who brings suit for unpaid overtime compensation bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated.'" (quoting *Reeves v. Int'l Tel. & Tel. Co.*, 616 F.2d 1342, 1352 (5th Cir. 1980))). Based on the evidence presented by both parties during trial, the jury concluded that Alexis and Anthony were not entitled to recover damages under the FLSA, and that Billy was entitled to recover damages in the amount of $9,894.00. Dkt. 247 at 1–3, 5. Plaintiffs assert that the testimony presented at trial showed that each plaintiff worked thirteen hours a day, six days a week, and two-and-a-half hours on Sunday, and thus, the jury's conclusion regarding damages was against the great weight of the evidence. *See* Dkt. 253 at 1; 254 at 1. However, the testimony also included contrary facts that the jury could have reasonably relied on to draw a different conclusion. Defendants testified that Plaintiffs did not work for them every day and that in 2017, Billy was performing other jobs. Anthony testified that while he was working for Defendants, he also performed work for other people. Billy testified that Alexis was sixteen years old when she started working for Defendants. Billy also testified that Anthony and Alexis did not work consistently for Defendants and quit working for Defendants a couple of times. Thus, the jury could have concluded that Plaintiffs worked less than the amount

of time that they asserted at trial. Moreover, as Defendants point out, it was clear at trial that Plaintiffs had difficulty articulating the FLSA damages allegedly owed to each of them. *See* Dkt. 255 at 3. Plaintiffs had the burden to prove damages at trial and chose to rely on their counsel's real-time handwritten calculations as opposed to utilizing an expert to testify on the calculation of damages. This resulted in testimony regarding damages that was often meandering and confusing. From this testimony, the jury could have concluded that Plaintiffs did not meet their burden in demonstrating damages.

The fact that Plaintiffs were unable to persuade the jury in their favor is not sufficient to entitle them to re-litigate their case. "Credibility determinations, the weighing of the evidence, and the drawing of the legitimate inferences from the facts are jury functions, not those of a judge." *Thomas v. Tex. Dep't of Crim. Just.*, 297 F.3d 361, 368 (5th Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)) (internal quotation marks omitted). As made clear by the Fifth Circuit, denial of a new trial will be affirmed unless the movant makes a "clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the district court abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Id.* (cleaned up). The Court is satisfied that the jury's verdict in this case is not contrary to law or against the great weight of the evidence and that no ground exists to grant a new trial. *See id.* (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)).

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs have failed to show they are entitled to the extraordinary relief provided for in Rule 59(e). **IT IS THEREFORE ORDERED** that the Motions for New Trial (Dkts. 253–54) are **DENIED**.

**So ORDERED and SIGNED this 28th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE