**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BILLY MARQUIS,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-626-KPJ |
| | § | |
| **KHOSROW SADEGHIAN and** | § | |
| **AMY JO SADEGHIAN,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Billy Marquis's Motion for Liquidated Damages (Dkt. 251) and Opposed Motion for Attorney's Fees (the "Motion for Attorney's Fees") (Dkt. 256), to which Defendants Khosrow Sadeghian and Amy Jo Sadeghian ("Defendants") filed responses (Dkts. 252; 257). For the following reasons, the Court **GRANTS** the Motion for Liquidated Damages (Dkt. 251) and **GRANTS IN PART** and **DENIES IN PART** the Motion for Attorney's Fees (Dkt. 256).

## I.      BACKGROUND

This lawsuit proceeded to a jury trial on April 17, 2023. Plaintiffs Alexis Marquis ("Alexis"), Anthony Marquis ("Anthony"), and Billy Marquis ("Billy") (collectively, "Plaintiffs") presented multiple causes of action, including claims under the Fair Labor Standards Act ("FLSA"). After a six-day trial, the jury returned a verdict in favor of Billy on his FLSA claim, awarding him $9,894 in damages, and in favor of Defendants on Alexis's and Anthony's FLSA claims. *See* Dkt. 247.

## II.   ANALYSIS

### A.   Liquidated Damages

In the Motion for Liquidated Damages (Dkt. 251), Billy moves for an award of liquidated damages under 29 U.S.C. § 216(b). *See* Dkt. 251 at 1. The FLSA provides for actual damages in the form of unpaid minimum wages and overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "However, the district court can . . . decline to award such damages (or reduce the amount) if the court concludes that the employer acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA." *Singer v. City of Waco*, 324 F.3d 813, 822–23 (5th Cir. 2003) (quoting 29 U.S.C. § 260). Whereas the burden is on the plaintiff to show willfulness, the defendant bears the "'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Id.* (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)). "[G]ood faith requires some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany Eng. Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979) (citation omitted).

Here, the jury found that Billy was an employee of an enterprise engaged in commerce or in the production of commercial goods and entitled to recover damages in the amount of $9,894. *See* Dkt. 247 at 1–2. The jury further found that Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA. *Id.* at 2.

Billy asserts that because the jury found Defendants either had knowledge that their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA, he is entitled to liquidated damages. *See* Dkt. 251 at 1–2. Defendants

argue that reckless disregard is not enough to show "willfulness." *See* Dkt. 252 at 2. Defendants are mistaken.

Under the FLSA, the standard for willfulness is "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985)); *see also Singer*, 324 F.3d at 821. The Fifth Circuit has held that where a jury finds that a defendant's actions are willful, a defendant cannot show that it acted in good faith. *Singer*, 324 F.3d at 823.

Here, because the jury found that Defendants at least showed reckless disregard for whether their conduct was prohibited by the FLSA, the jury found that Defendants' actions were willful within the meaning of the FLSA. *See* Dkt. 247 at 2. Furthermore, Defendants have provided no argument or evidence to meet their burden of proving they acted in good faith. *See generally* Dkt. 252. Accordingly, the Court finds that Billy is entitled to an award of liquidated damages. *See Badon v. Berry's Reliable Res., LLC*, No. 19-12317, 2022 WL 18671140, at *2 (E.D. La. Nov. 17, 2022) (finding the evidence in the record supported an award of liquidated damages because the jury determined that the defendants acted willfully), *R. & R. adopted*, 2023 WL 395181 (E.D. La. Jan. 25, 2023); *Xic v. Randall Team Ltd.*, No. 17-cv-137, 2018 WL 5831953, at *1 (S.D. Tex. Nov. 6, 2018) (same). The Court awards liquidated damages in the amount of $9,894 under 29 U.S.C. § 216(b).

## B.   Attorney's Fees

In the Motion for Attorney's Fees (Dkt. 256), Billy requests attorney's fees under 29 U.S.C. § 216(b). *See* Dkt. 256 at 1. "The FLSA requires an employer who violates the statute to pay attorney's fees." *Singer*, 324 F.3d at 829 n.10 (citing 29 U.S.C. § 216(b)). The fee award is

calculated using the lodestar method. *Id.* at 829 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th 1999)). Under the lodestar method, the district court first calculates the lodestar "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* (quoting *Heidtman*, 171 F.3d at 1043). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (omission in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (internal quotation marks omitted).

Here, Billy submits two invoices prepared by Plaintiffs' counsel detailing 203.75 hours of attorney labor billed at $300 an hour, totaling $61,125, and 99.75 hours of paralegal labor billed at $80 an hour for trial preparation and $100 an hour for trial, totaling $8,775. *See* Dkts. 256 at 1; 256-1 at 5–7. The total amount billed on the two invoices is $69,900. *See* Dkts. 256 at 1; 256-1 at 5–7.

### 1.     Reasonable Rates

As the Court has previously determined, Plaintiffs' counsel's billing rate of $300 per hour is reasonable and based on the market rate for FLSA actions. *See* Dkt. 131 at 18. Defendants do not contest, and the Court agrees, that $80 per hour and $100 per hour are reasonable rates for a paralegal. *See Williams v. Sake Hibachi Sushi & Bar Inc.*, 574 F. Supp. 3d 395, 411 (N.D. Tex. 2021) (awarding paralegal fees at a rate of $90 per hour in FLSA case).

### 2.     Reasonable Hours Expended

The Court next determines whether the number of hours expended by Plaintiffs' counsel and his paralegal were reasonable. The party seeking attorney's fees bears the burden of

documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. The attorney for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary." *Id.* at 434. In determining whether the hours expended are reasonable, the Court can draw from its own experience as a lawyer and a judge. *See Branch Banking & Tr. Co. v. Re Rez L.P.*, No. 19-cv-630, 2021 WL 863766, at *11 (E.D. Tex. Jan. 8, 2021), *R. & R. adopted*, 2021 WL 857937 (E.D. Tex. Mar. 5, 2021); *Sharif v. Wellness Int'l Network*, No. 05-cv-1367, 2008 WL 2885186, at *2 (N.D. Tex. July 22, 2008). "To determine the reasonable number of hours expended on litigation, the Court must determine 'whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended.'" *Franciscan All., Inc. v. Becerra*, No. 16-cv-108, 2023 WL 4462049, at *2 (N.D. Tex. July 11, 2023) (quoting *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997)). "The court must eliminate excessive or duplicative time." *Id.* (citing *Roscoe Indep. Sch. Dist.*, 119 F.3d at 1232).

The Court finds that the total number of hours expended, 203.75 hours, are reasonable. Plaintiffs' counsel prepared the following for trial: arguments for three causes of action,[1] thirteen witnesses to testify at trial, and over thirty exhibits.[2] *See* Dkts. 186; 189; 202. Further, the trial itself lasted six days. *See* Dkts. 237; 239–43. Regarding whether the specific hours claimed for Billy's FLSA claim were reasonable, Plaintiffs' counsel contends that "[i]t is probably likely that because of the complexity of the FLSA testimony and the number of witnesses – four – testifying on [the] FLSA, that more than a third of the Trial Preparation time was spent on [the] FLSA."

---

[1] Ultimately, only two of the three prepared causes of action were presented to the jury because the Court granted Defendants' motion for summary judgment (Dkt. 176) as to Plaintiffs' DTPA claim. *See* Dkt. 206 at 22.

[2] Twelve exhibits were admitted at trial. *See* Dkt. 246 at 1.

Dkt. 256 at 2. Accordingly, "Plaintiffs propose that since there were three causes of action, the attorney's fees [should] be divided into thirds, with one third, $23,300, attributable to the FLSA cause of action." *Id.* Thus, Billy requests 67.9 attorney hours and 36.63 paralegal hours.[3] The Court agrees that these hours are reasonable for Plaintiffs' FLSA claims.[4] The FLSA claims were the most complex claims presented to the jury. The majority of the testimony at trial concerned the FLSA claims. Further, the majority of the exhibits admitted at trial were related to the FLSA claims.

Accordingly, the lodestar calculation is 67.9 attorney hours at $300 per hour yielding a fee of $20,370, and 36.63 paralegal hours at $80 per hour yielding a fee of $2,930.40. Therefore, the lodestar figure is $23,300.40.

### 3.    Adjustments to the Lodestar

Defendants argue that the attorney's fees are excessive, unreasonable, and redundant because (1) the invoices submitted in support are legally insufficient, and (2) only one of the three Plaintiffs proved their entitlement to FLSA damages. *See* Dkt. 257 at 2–5. First, Defendants contend that "[t]he invoices simply reference primarily block billing which makes it difficult to decipher the reasonableness of the fees for each block period as presented." *Id.* at 4. Defendants further contend that the descriptions included in the invoices are insufficient because they simply state "Trial Preparation" or "Trial," which makes it impossible for the Court to determine to which cause of action this time related. *Id.*

---

[3] Plaintiffs' counsel does not identify how many hours of his paralegal's time this represents. Because Plaintiffs' counsel uses two rates for his paralegal's time, the paralegal's hours could be 36.63 hours if applying the $80 rate or 29.3 hours if applying the $100 rate. The Court uses 36.63 hours at the $80 rate in determining the lodestar.

[4] The Court notes that only Billy's FLSA claim was successful at trial and thus, only Billy may recover attorney's fees related to his FLSA claim. The Court adjusts Billy's attorney's fees claim accordingly.

Indeed, the descriptions of the time entries included in the invoices are inadequate; Plaintiffs' counsel has lumped together the work completed each day in a single line entry with the vague description of "Trial Preparation." *See* Dkt. 256-1 at 5–7. The description "Trial Preparation" is an "exceptionally terse description" that "do[es] not satisfy the applicant's burden." *Wright v. Blythe-Nelson*, No. 99-cv-2522, 2004 WL 2870082, at *5 (N.D. Tex. Dec. 13, 2004). The state of the invoices supporting the request for attorney's fees makes it difficult for the Court to determine whether the amount of time spent on the task of "Trial Preparation" is reasonable because the Court has been given no indication as to what Plaintiffs' counsel and his paralegal did to prepare for trial. In the Motion for Attorney's Fees (Dkt. 256), Plaintiffs' counsel asserts that he completed "witness and exhibit preparation" as a part of his trial preparation; and specifically, he prepared four witnesses to testify. *See* Dkt. 256 at 1–2. Further, as noted above, the Court was able to observe at trial that Plaintiffs' counsel spent significant time preparing to present the FLSA claims. *See supra* Section II.B.2. While it is clear that Plaintiffs' counsel spent significant time preparing for the FLSA claims, this does not excuse the vague entries in the invoices. Thus, the Court finds it appropriate to reduce the lodestar by five percent. *La. Power & Light Co.*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." (citations omitted)); *see also In re Trevino*, 648 B.R. 847, 875 (Bankr. S.D. Tex. 2023) ("Time awarded may be reduced or eliminated for vague entries.").

Further, Plaintiffs' counsel has engaged in "block billing," which refers to the disfavored "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 09-cv-752, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quoting *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)) (internal

quotation marks omitted). Regarding the block billing, Plaintiffs' counsel contends: "[I]t is not possible to attribute time in trial preparation to specific causes of action. The work simply doesn't flow that way. In this case, counsel jumped back and forth through the causes of action, and witness and exhibit preparation was rarely on a single issue." Dkt. 256 at 1. Indeed, the two causes of action presented at trial, the FLSA claims and the negligence claim, contained considerable factual overlap. While it may be true that it is difficult to differentiate the time spent on each cause of action, this does not excuse Plaintiffs' counsel from providing more information from which the Court can conduct a meaningful evaluation of the challenged hours. Thus, the lodestar should be reduced by five percent in addition to the five percent reduction for the vague entries, bringing the total reduction to ten percent. *See Becerra*, 2023 WL 4462049, at *6 (applying a five percent reduction in the total lodestar figure to account for the block billing).

Second, Defendants contend that because only one of three Plaintiffs successfully proved entitlement to FLSA damages, the requested fee should be reduced by two-thirds, resulting in a total fee of $7,766.66. *See* Dkt. 257 at 3. The Court disagrees that this represents a reasonable number of hours spent on Billy's FLSA claim. "[W]hen claims . . . share a 'common core of facts' or 'related legal theories,' a fee applicant may claim all hours reasonably necessary to litigate those issues." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022) (omission in original) (quoting *La. Power & Light Co.*, 50 F.3d at 327). "When a plaintiff's claims cannot be disentangled, the district court's focus should shift to the results obtained and adjust the lodestar accordingly." *Id.* (quoting *La. Power & Light Co.*, 50 F.3d at 327 n.13) (internal quotation marks omitted). If a reduction of the fee award is necessary to safeguard against awarding fees on unsuccessful claims, "the proper approach is a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Id.* at 418.

Here, Plaintiffs' FLSA claims shared a common core of facts and related legal theories. Billy's FLSA claim was the primary claim presented to the jury, with Alexis's and Anthony's claims being residual and ancillary to Billy's claim. Billy maintained the primary relationship with Defendants and spent the most time working for Defendants. At trial, much of the testimony and exhibits related to establishing Billy's FLSA claim. Indeed, Billy's testimony alone spanned nearly a third of the trial. Furthermore, the facts underlying Billy's FLSA claim established the legal theory upon which all three Plaintiffs attempted to recover. That is, Plaintiffs used Billy's status as an employee of Defendants to prove that Alexis and Anthony were also employees. Thus, because Plaintiffs' FLSA claims shared a common core of facts and related legal theories, the Court concludes that a minor reduction of five percent is appropriate. Applying this reduction to the lodestar figure, the total award of attorney's fees is $19,805.34.

**C.      Costs**

In the Motion for Attorney's Fees (Dkt. 256), Billy also seeks reimbursement of his $400 filing fee. *See* Dkt. 256 at 3. The FLSA mandates an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b). Thus, the Court will award a reimbursement of the filing fee.

### III.      CONCLUSION

Upon consideration, the Court **GRANTS** the Motion for Liquidated Damages (Dkt. 251) and awards Billy liquidated damages in the amount of $9,894.

The Court further **GRANTS IN PART** and **DENIES IN PART** the Motion for Attorney's Fees (Dkt. 256) and awards Billy attorney's fees in the amount of $19,805.34 and costs in the amount of $400.

So ORDERED and SIGNED this 28th day of March, 2024.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE