IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY MARQUIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-626-KPJ |
| | § | |
| KHOSROW SADEGHIAN and | § | |
| AMY JO SADEGHIAN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Khosrow Sadeghian and Amy Jo Sadeghian's ("Defendants") Motion for Attorneys' Fee Award for Dismissal of Plaintiffs' DTPA Claim (the "Motion") (Dkt. 258), to which Plaintiffs Billy Marquis, Alexis Marquis, and Anthony Marquis ("Plaintiffs") filed a response (the "Response") (Dkt. 259). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 258).

I.   BACKGROUND

On November 23, 2022, Defendants filed a motion for summary judgment (the "Motion for Summary Judgment") (Dkt. 176), wherein they sought dismissal of Plaintiffs' claim under the Texas Deceptive Trade Practices Act ("DTPA") because it was asserted "outside the two year statute of limitations of the DTPA." Dkt. 176 at 14. Defendants further asserted "[t]he Court should find that Plaintiffs' DTPA [claim] was groundless and brought for purposes of harassment, and award Defendants their reasonable attorney's fees and expenses pursuant to Tex. Civ. Prac. & Rem. Code § 17.50(c)." *Id.* at 15. On April 10, 2023, the Court granted summary judgment on Plaintiffs' DTPA claim in favor of Defendants but did not make a finding as to whether Plaintiffs' claim was groundless. *See* Dkt. 206 at 22.

## II.     ANALYSIS

A.     **Recovery of Attorneys' Fees**

Texas Business and Commerce Code § 17.50(c) provides that "[o]n a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." *See Cypress Engine Accessories, LLC v. HDMS Ltd.*, 283 F. Supp. 3d 580, 592 (S.D. Tex. 2017). "[W]hether an action is groundless, brought in bad faith, or brought for the purpose of harassment is a question to be determined by the trial court." *Arizpe v. Principal Life Ins. Co.*, No. 18-cv-1010, 2019 WL 4246598, at *2 (N.D. Tex. Sept. 6, 2019) (collecting cases). "A claim is 'groundless' if it has no basis in law or fact, and is not warranted by any good faith argument for the extension, modification, or reversal of existing law." *Haynesville Shale Rentals, LLC v. Total Equip. & Serv., Inc.*, No. 12-860, 2014 WL 1379884, at *4 (S.D. Tex. Apr. 8, 2014) (citing *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989)). "The test for groundlessness is 'whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim.'" *HDMS Ltd.*, 283 F. Supp. 3d at 592 (quoting *Young v. Pulte Homes of Texas, L.P.*, No. 02-14-224-cv, 2016 WL 4491517, at *5 (Tex. App.—Fort Worth Aug. 26, 2016)).

Here, the Court's conclusion that Plaintiffs' DTPA claim was barred by the statute of limitations relied on the determination that "[t]his action was brought more than two years after the allegedly deceptive conduct took place" and that "Plaintiffs do not contend otherwise." *See* Dkt. 206 at 20; *see also* TEX. BUS. & COM. CODE ANN. § 17.565 ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred . . . ."). The Court further found that "[i]n response to

Defendants' statute of limitations argument, Plaintiffs simply assert that 'Defendants did not plead the statute of limitations to the DTPA action.'" Dkt. 206 at 22. Because the Court's conclusion relied on undisputed facts applied to the explicit terms of the statute, and because Plaintiffs made no argument that an extension, modification, or reversal of the statute of limitations was warranted, the Court concludes that Plaintiffs' DTPA claim was groundless. *See Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 506 (N.D. Tex. 2001) (finding a DTPA claim was groundless because the court relied on undisputed facts and the explicit terms of the statute in concluding that the plaintiff lacked standing); *Haynesville Shale Rentals, LLC*, 2014 WL 1379884, at *4 (finding a DTPA claim was "groundless in fact and law" because the claim was "precluded by express statutory language"); *HDMS Ltd.*, 283 F. Supp. 3d at 592 (finding a DTPA claim was groundless as a matter of law because the plaintiff asserted the claim "knowing that [the defendant] had a valid affirmative defense precluding [the plaintiff] from recovery"). *But cf. Arizpe*, 2019 WL 4246598, at *4 (finding the plaintiffs' claims were not rendered groundless by virtue of the fact that they were barred by the statute of limitations because "the plaintiffs made multiple good faith arguments for the extension of law by arguing that the doctrines of equitable estoppel and quasi-estoppel prevent [the defendant] from asserting its limitation defense").

B.    **Apportionment of Recoverable Attorneys' Fees**

"Under Texas law, the party seeking attorneys' fees must segregate the fees incurred between claims that permit recovery of attorneys' fees and claims that do not." *HDMS, Ltd.*, 283 F. Supp. 3d at 593 (citation omitted). "Once a trial judge concludes that a DTPA claim is groundless . . . , the only limitation on the award of attorney's fees and costs to defendants is that such fees be 'reasonable and necessary.'" *Stromberger v. Turley*, 05-04-50-cv, 2005 WL 701034, at *3 (Tex. App.—Dallas Mar. 28, 2005, no pet.) (quoting TEX. BUS. & COM. CODE. ANN.

3

§ 17.50(c)). When determining reasonable and necessary attorneys' fees under the DTPA, "[t]he trial court may consider, among other things, the time, labor, and skill required, the difficulty of the questions involved, the amount in controversy, the customary fees in the area for similar services, the results obtained, and the reputation and ability of the lawyer performing the services." *Hernandez v. Duran*, 656 S.W.3d 550, 555 (Tex. App.—El Paso 2022, no pet.) (citing *Arther Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

Here, Defendants seek the recovery of fees billed to their client for the preparation of the Motion for Summary Judgment (Dkt. 176) totaling $11,751.75. Dkt. 258-1 at 3. Defendants concede that the Motion for Summary Judgment (Dkt. 176) "sought dismissal of Plaintiffs' FLSA claims and premises liability (negligence) claim along with Plaintiffs' DTPA claim." *Id.* Thus, Defendants propose that "a [one-third] allocation should be made to the total time spent relating to obtaining dismissal of the DTPA claim" and that "the sum of $3,525.53 represents the reasonable and necessary attorneys' fees incurred in defending against and obtaining dismissal of the DTPA claim on limitations grounds." *Id.*

Plaintiffs respond that "[i]t is obvious that the Defendants gave no serious attention to the DTPA claim" in the Motion for Summary Judgment (Dkt. 176) because only three pages of the eighteen-page motion addressed their DTPA argument and most of this argument consisted of "two utterly unsound arguments." Dkt. 259 at 1–2. Thus, Plaintiffs argue that an award of more than $1,500 would be excessive. *Id.*

Defendants assert that 39.25 hours were spent by Defendants' counsel in "providing services for the preparation, filing and presentation of" the Motion for Summary Judgment (Dkt. 176). Dkt. 258-1 at 2–3. In reviewing the descriptions related to these hours, the Court finds that the services provided are reasonable and necessary and include activities such as drafting the

Motion for Summary Judgment (Dkt. 176), researching case law, compiling evidence in support of the Motion for Summary Judgment (Dkt. 176), drafting a reply to Plaintiffs' response, and communicating with their clients regarding the Motion for Summary Judgment (Dkt. 176). *See* Dkt. 258-2. However, in reviewing Defendants' argument regarding the DTPA claim in the Motion for Summary Judgment (Dkt. 176), the Court notes that Defendants' argument spans only three pages, includes minimal citations to statutes and case law supporting their argument, and is supported by two pieces of evidence. *See* Dkt. 176 at 6–7, 14–15. The Court further notes that Defendants' discussion of the DTPA claim in their reply in support of the Motion for Summary Judgment (Dkt. 176) is similarly curt, consisting of a single page and including no further citations to statutes and case law. *See* Dkt. 179 at 6–7. The Court finds that it is unlikely that a one-third allocation of Defendants' counsels' hours and fees fairly represents the amount of time spent addressing the DTPA claim. Rather, the Court, based on its experience and the work product produced before the Court, finds that Defendants' counsel reasonably expended no more than 6 hours of the total 39.25 hours, or approximately 15% of their time, on their arguments addressing Plaintiffs' DTPA claim. *See Haynesville Shale Rentals, LLC*, 2014 WL 1379884, *5 (reducing attorneys' fees "based on [the court's] experience" of the "time that competent counsel . . . would spend in defending a groundless claim based on a statute, which itself unambiguously excludes the claim"). Accordingly, Defendants are awarded $1,796.45 for reasonable and necessary attorneys' fees incurred in successfully defending Plaintiffs' groundless DTPA claim.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 258) and finds that Defendants are entitled to $1,796.45 in attorneys' fees.

**So ORDERED and SIGNED this 28th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE