IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BILLY MARQUIS,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-626-KPJ |
| | § | |
| **KHOSROW SADEGHIAN and AMY JO SADEGHIAN,** | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

On Monday, April 17, 2023, the Court called the above-styled and numbered cause to trial. Plaintiffs Billy Marquis ("Billy"), Alexis Marquis ("Alexis"), and Anthony Marquis ("Anthony") (collectively, "Plaintiffs") appeared in person and by and through their attorney and announced ready for trial. Defendants Khosrow Sadeghian ("Khosrow") and Amy Jo Sadeghian ("Amy") (collectively, "Defendants") appeared in person and by and through their attorneys and announced ready for trial. A jury of eight eligible citizens of the Eastern District of Texas were selected, impaneled, and sworn. Thereafter, the case proceeded to trial. The parties presented evidence and arguments to the Court and the jury.

At the conclusion of trial, the Court submitted questions of fact to the jury regarding the claims asserted by Plaintiffs against Defendants. In its verdict, the jury found that:

1. Plaintiffs proved they were employees of Defendants during the relevant period;

2. Plaintiffs proved they were employed by an enterprise engaged in commerce or in the production of commercial goods;

3. Billy proved he was entitled to recover damages under the Fair Labor Standards Act in the amount of $9,894.00;

4. Alexis and Anthony did not prove that they were entitled to recover damages under the Fair Labor Standards Act;

5. Billy proved that Defendants either knew their conduct was prohibited by the Fair Labor Standards Act or showed reckless disregard for whether their conduct was prohibited by the Fair Labor Standards Act;

6. Billy was acting as an employee when he was working on Defendants' property at 1317 Norman Street on the night of February 26, 2018;

7. Amy's negligence proximately caused the injury in question;

8. Billy sustained damages in the following amounts:

    a. $45,240.00 for physical pain and mental anguish sustained in the past;

    b. $45,240.00 for physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

    c. $30,077.22 for medical care expenses in the past; and

    d. $30,077.22 for medical care expenses that, in reasonable probability, will be incurred in the future;

9. Billy sustained no damages for loss of earning capacity, disfigurement, and physical impairment; and

10. There was not clear and convincing evidence that the harm to Billy resulted from gross negligence.

The Final Instructions to the Jury (Dkt. 244) and the Verdict Form (Dkts. 247–48) are incorporated for all purposes by reference.

On August 8, 2023, Plaintiffs filed the Motion to Enter Judgment (Dkt. 261) requesting the entry of a final judgment, to which Defendants filed a response (the "Response") (Dkt. 262) and Plaintiffs filed a reply (the "Reply") (Dkt. 263).[1] *See* Dkts. 261–63.

---

[1] In the Response (Dkt. 262), Defendants assert that "the jury's answer to Question No. 18 is inappropriate due to Plaintiff's failure of proof required to sustain his premises liability claim." Dkt. 262 at 3. To the extent that Defendants take issue with the jury's verdict, such arguments are not proper in a response and must be raised in an appropriate motion. *See* FED. R. CIV. P. 59(a)(1) ("The court may, *on motion*, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .") (emphasis added).

The Court, having considered the jury's verdict and the parties' post-trial motions for liquidated damages and attorneys' fees (*See* Dkts. 251, 256, 258), **GRANTS** the Motion to Enter Judgment (Dkt. 261) and renders the following judgment:

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Billy has judgment against Defendants in the amount of $9,894.00 for his Fair Labor Standards Act claim. It is further,

**ORDERED**, **ADJUDGED**, **AND DECREED** that Billy has a judgment against Defendants in the amount of $9,894.00 for liquidated damages for his Fair Labor Standards Act claim. It is further,

**ORDERED**, **ADJUDGED**, **AND DECREED** that Billy has a judgment against Defendants in the amount of $150,634.44 for his negligence claim. It is further,

**ORDERED**, **ADJUDGED**, **AND DECREED** that Billy shall have and recover from Defendants attorney's fees and costs of $20,205.34. It is further,

**ORDERED**, **ADJUDGED**, **AND DECREED** that Defendants shall have and recover from Plaintiffs attorney's fees of $1,796.45. It is further,

**ORDERED, ADJUDGED, AND DECREED** that post-judgment interest shall accrue on all sums at the federal rate provided by 28 U.S.C. § 1961(a) beginning on the date judgment is entered.

All other relief not specifically granted in this Final Judgment is **DENIED**, and the Clerk is directed to **CLOSE** this civil action. This Final Judgment finally disposes of all parties and all claims in this cause and is appealable.

**So ORDERED and SIGNED this 28th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE